(81 Misc. Rep. 205.)

HAVILAND v. BOMMERSHEIM.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

JUDGMENT (§ 106*)—DEFAULT—PLEADING.

Summary proceedings to eject a tenant having been instituted by a precept returnable on the same day it was issued, the tenant appeared; but her attorney withdrew, on the court imposing, as a condition of giving an extension of time to file an answer, an immediate trial of the issue. On the next morning another attorney appeared and presented a verified answer, which he offered to file, preceded by an application for the adjournment of the trial. *Held*, that it was error to refuse to receive the answer, and to grant judgment for plaintiff as on default in pleading;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but the court should have received the answer, and then disposed of the application for adjournment according to the exigencies of the case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–190; Dec. Dig. § 106.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles E. Haviland against Helen Bommersheim. From a final order in summary proceedings, entered in favor of plaintiff's landlord for the dispossession of defendant's tenant, she appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Charles W. Gould, of New York City, for appellant.

Ivins, Wolff & Hoguet, of New York City (Robert Louis Hoguet and James S. Y. Ivins, both of New York City, of counsel), for respondent.

PAGE, J.   These proceedings were instituted by the landlord to dispossess a tenant alleged to be holding over after the expiration of the term by virtue of the termination thereof by notice. Service of the precept on the subtenant was made at 12:35 p. m. on the 1st day of April, and on the tenant by delivering to a person of suitable age on the premises and affixing a copy to the premises. The precept was returnable at 3 o'clock the same day. The tenant appeared upon the return.

There was no stenographer present, and no record was made of the proceedings. Unfortunately the stenographer's minutes of the proceedings on the morning of April 2d appear to be incomplete. It appears from the record that the attorney for the tenant had withdrawn the day before, when the court had imposed, as a condition of giving an extension of time to file an answer, an immediate trial of the issue, and another attorney appeared the next morning and presented a verified answer. It does not appear from the record, except from the statement of the judge, that this offer was preceded by an application for an adjournment of the trial. The justice refused to receive the answer, and granted judgment as on default in pleading.

In this he erred. The answer should have been received, and then such disposition made of the application for an adjournment of the trial as the exigencies of the case required. If the justice had refused to adjourn the trial, the counsel for the tenant might have still remained and attempted to defeat the landlord on cross-examination of the landlord's witnesses, or by the production of documentary evidence, even if he did not have witnesses present in his own behalf. This was not a judgment by default, as the attorney was present and duly offered his answer.

The final order is reversed, and a new trial ordered, with costs to appellant to abide the event. The answer may be filed nunc pro tunc. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes